UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| GARY DEWITT ODOM #399170, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:05-cv-151 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| GERALD HOFBAUER, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus action brought by a federal prisoner being housed within the MDOC pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The procedural requirements applicable under § 2254 also apply to petitions brought pursuant to § 2241. *Id.* After undertaking the review required by Rule 4, the Court concludes that this action is properly dismissed with prejudice.

**Discussion**

I. <u>Factual allegations</u>

Petitioner files this petition pursuant to 28 U.S.C. § 2241 seeking to be transferred to either "Jackson's Medical Facility or Spring Field's Federal Hospital." Petitioner contends that he has AIDS and that his extremely weakened condition was brought on by the negligence and deliberate indifference of the health care providers at the Marquette Branch Prison (MBP) where Petitioner is currently incarcerated.

II. <u>Analysis</u>

As noted above, Petitioner filed this action under 28 U.S.C. § 2241. Generally, habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Whereas, 42 U.S.C. § 1983 is used to constitutionally challenge the terms and conditions of confinement. *Id.* Here, Petitioner does not directly challenge the fact or length of his confinement, but rather a transfer to a medical facility, which is a condition of confinement. Therefore, Petitioner's claim should be brought pursuant to 42 U.S.C. § 1983.

**Conclusion**

In light of the foregoing, the court concludes that Petitioner's application should be summarily dismissed pursuant to Rule 4 because it is not a claim for habeas corpus relief.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c). This Court's

dismissal of Petitioner's action upon initial screening is a determination that the § 2241 action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the

court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Petitioner is challenging his conditions of confinement, rather than the validity of the fact or length of his confinement. Therefore, Petitioner's claim is not properly brought as one for habeas corpus relief. Accordingly, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: August 16, 2005                           /s/ Gordon J. Quist
                                               GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE